Eastern District of Kentucky
F I L E D

MAR 2 4 2017

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

CRIMINAL ACTION NO. _5:17-CR-43-DCR_

**UNITED STATES OF AMERICA**                                   **PLAINTIFF**

**V.**                          **PLEA AGREEMENT**

**ERIC CHRISTOPHER CONN**                                   **DEFENDANT**

\*   \*   \*   \*   \*

1.    Pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c), ERIC CHRISTOPHER CONN (hereinafter "the Defendant") will enter a plea of guilty to Counts 1 and 2 of the Information, charging violations of 18 U.S.C. §§ 641, Theft of Government Money, and 201(c)(1)(A), Paying Illegal Gratuities. Pursuant to Rule 11(c)(1)(A) and this agreement, the United States will move at sentencing to dismiss Counts 1 through 18 of the Indictment in *United States v. Eric Christopher Conn, et al.*, Lexington Criminal Action No. 16-CR-22, as to the Defendant.

2.    The United States and the Defendant agree that the essential elements of Count 1 are:

(a) That the money described in the indictment belonged to the United States government and had a value in excess of $1,000 at the time alleged;

(b) That the defendant stole or knowingly converted such money to the defendant's own use or the use of another; and

(c) That the defendant did so knowing the money was not his and with

intent to deprive the owner of the use of the money.

The United States and the Defendant agree that the essential elements of Count 2 are:

> (a) That the defendant directly or indirectly gave something of value to a public official; and

> (b) That the defendant did so for an official act performed or to be performed by the public official, other than as provided by law for the proper discharge of his official duty.

3.    The Defendant agrees that the United States would prove the facts described in Attachment A enclosed with this Plea Agreement beyond a reasonable doubt at trial. The Defendant further agrees that these facts fairly and accurately describe the Defendant's actions and involvement in the offenses for which he was charged, and to which he is pleading guilty, and establish the essential elements of these offenses beyond a reasonable doubt. The Defendant understands the nature and elements of the crimes to which guilt is admitted and agrees that the factual statement in support of the guilty plea the Defendant has signed is true and will be submitted as evidence in this case. The Defendant further understands that the factual statement in support of the guilty plea the Defendant has signed may be received into evidence in any litigation involving the United States and Defendant. The Defendant hereby waives any defense based on any applicable statutes of limitations and agrees that the Indictment in *United States v. Eric Christopher Conn, et al.,* Lexington Criminal Action No. 16-CR-22, and the Information, are timely for all purposes.

4.    The Defendant understands that a violation of 18 U.S.C. § 641 carries a maximum sentence of not more than ten years of imprisonment; a term of supervised

release of not more than three years; a fine of not more than $250,000 or twice the pecuniary gain or loss from the offense, pursuant to 18 U.S.C. § 3571(d); and forfeiture of property, real and personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 641, and any property traceable to such property. The Defendant further understands that a violation of 18 U.S.C. § 201(c)(1)(A) carries a maximum sentence of not more than two years of imprisonment; a term of supervised release of not more than one year, a fine of not more than $250,000; forfeiture of property, real and personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 201(c)(1)(A), and any property traceable to such property. The Defendant agrees that the two statutory maximum terms of imprisonment shall run consecutively. In addition, the Defendant agrees to pay a mandatory special assessment of $200 and the Defendant will pay this assessment by cashier's check or money order to the U.S. District Court Clerk at the time of the entry of the guilty plea.

5.    Pursuant to Rule 11(c)(1)(B), the United States and the Defendant agree upon and recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. These recommendations do not bind the Court. As to Count 1 of the Information:

   (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2016, manual, will determine the Defendant's guidelines range and U.S.S.G. §2B1.1 is the appropriate guidelines provision for this offense.

   (b) Pursuant to U.S.S.G. §1B1.3, the Defendant's relevant conduct includes the facts set forth in Attachment A enclosed with this agreement.

   (c) Pursuant to U.S.S.G. §2B1.1(a)(2), the base offense level is **6**.

(d) Pursuant to U.S.S.G. §2B1.1(b)(1), increase the offense level by *not less than* **22** for loss totaling more than $25,000,000.

(e) Pursuant to U.S.S.G. §2B1.1(b)(10)(C), increase the offense level by **2** for using sophisticated means.

(f) Pursuant to U.S.S.G. §3B1.1(a), increase the offense level by **4** for organizing or leading a criminal activity involving five or more participants.

(g) Pursuant to U.S.S.G. §3B1.3, increase the offense level by **2** for abusing a position of trust and use of a special skill.

(h) Pursuant to U.S.S.G. §3C1.1, increase the offense level by **2** for obstructing justice.

As to Count 2 of the Information:

(i) United States Sentencing Guidelines (U.S.S.G.), November 1, 2016, manual, will determine the Defendant's guidelines range and U.S.S.G. §2C1.2 is the appropriate guidelines provision for this offense.

(j) Pursuant to U.S.S.G. §1B1.3, the Defendant's relevant conduct includes the facts set forth in Attachment A enclosed with this agreement.

(k) Pursuant to U.S.S.G. §2C1.2(a)(2), the base offense level is **9**.

(l) Pursuant to U.S.S.G. §2C1.2(b)(1), increase the offense level by **2** for offering more than one gratuity.

(m)    Pursuant to U.S.S.G. §2C1.2(b)(2) and §2B1.1(b)(1)(E), increase the offense level by **8** as the value of the gratuity exceeded $95,000.

(n) Pursuant to U.S.S.G. §2C1.2(b)(3), increase the offense level by **4** as the offense involved a public official in a high-level decision-making position.

(o) Pursuant to U.S.S.G. §3C1.1, increase the offense level by **2** for obstructing justice.

Additionally:

4

(p) Pursuant to U.S.S.G. §3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by **2** levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by **1** additional level based on the Defendant's timely notice of intent to plead guilty.

(q) Pursuant to U.S.S.G. §5E1.1, restitution in the amount of $46,549,193.01 which reflects the actual fraud loss to the Social Security Administration, as calculated by the government as of October 21, 2016, as a result of the violation of 18 U.S.C. § 641. The restitution will be paid to the Commissioner of the Social Security Administration, as the victim, at the following address: Social Security Administration, Debt Management Section, ATTN: Court Refund, P.O. Box 2861, Philadelphia, PA 19122.

6.      No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4, but the Defendant understands, based upon information now available to the government, that the United States expects to take the position at sentencing that the Defendant's Criminal History Category is I.

7.      The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. §3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8.      The Defendant waives the right to appeal the guilty pleas, convictions, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the statutory maximum. Except for claims of ineffective

assistance of counsel, the Defendant also waives the right to attack collaterally the guilty pleas, convictions, and sentence, or any other order issued in this matter.

9.      The United States will recommend releasing the Defendant on the current conditions set by the Court in this case for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

10.     The Defendant understands that the Court has an obligation to determine whether, and in what amount, restitution applies in this case under 18 U.S.C. § 3663 and 18 U.S.C. § 3663A, which may be in addition to the restitution amount agreed-upon above. The Defendant agrees that this may include restitution for all losses caused by the Defendant's criminal conduct, including any restitution ordered to ODAR Employee A, as described in Attachment A to this plea agreement. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

11.     Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Defendant agrees to the imposition of a money judgment in favor of the United States for the sum of $5,750,404.46, which is the value of property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 641 that he received. The Defendant further agrees that the forfeiture of assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to the forfeiture. The Defendant agrees to waive any claim

6

or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States or its subdivisions.

12.     The Defendant agrees to pay to the United States, for forfeiture, a sum of $150,000.00 from the sale of his residence at 241 Northmonte Drive, Pikeville, Kentucky 41501, before the time of sentencing, as a substitute asset under 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b). The Defendant further agrees to the forfeiture of the real property titled in his name located at 9420 US Highway 23 South, Stanville, Kentucky 41642, and all appurtenances and improvements thereto (including but not limited to five mobile homes and statuary at 9420 US Highway 23 South, Stanville, Kentucky 41642), to the United States as a substitute asset under 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b). Within 120 days from Defendant's sentencing, the Defendant will list these real properties for sale with a realtor(s) approved by the United States. The Defendant will need the United States' consent to sell the real property for an amount below $500,000.00, and agrees to pay immediately the proceeds from the sale(s), less realtor fees, taxes, and other fees, to the United States as substitute assets.  The combined proceeds described in this paragraph shall be applied against the balance of the Defendant's money judgment.

13.     The Defendant also agrees to forfeit to the United States any other property owned by the Defendant up to the value of the $5,750,404.46 money judgment, whether real or personal, because the traceable proceeds described above, as a result of act(s) and omission(s) of the Defendant, (a) cannot be located upon the exercise of due diligence;

7

(b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the court; (d) have been substantially diminished in value; and/or (e) have been commingled with other property which cannot be divided without difficulty.

14.     The Defendant agrees not to file, or assist others in filing, a claim to the forfeitable property in any civil proceeding, administrative or judicial, that may be initiated. The Defendant knowingly and voluntarily agrees to waive, with regard to the forfeiture of traceable proceeds and substitute assets: the right to notice of any forfeiture proceeding; the right to a jury trial; all constitutional, legal, and equitable defenses; any claim under the Eighth Amendment to the United States Constitution, including any claim of excessive fine; and the requirements of Rules 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of forfeiture in the judgment.

15.     The Defendant and Defendant's attorney also understand that the United States may file motions for preliminary and final orders of forfeiture regarding the property described herein, and they agree that the United States may file such motions unopposed and may state in the certificates of conference for the motions that the Defendant has no objection to the relief sought without having to further contact the Defendant or Defendant's attorney.

16.     The Defendant agrees to cooperate fully with the United States Department of Justice by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a United States Department of Justice

8

Form OBD-500 financial disclosure affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Department of Justice. If the Defendant is incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

17.     The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for

demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

18.     If the Defendant violates any part of this Agreement, or if the guilty pleas pursuant to this Agreement or convictions are vacated or withdrawn, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges. In such event, the Defendant waives any objections based upon delay in prosecution. The Defendant further agrees that if the guilty pleas pursuant to this Agreement are withdrawn for any reason, the Defendant's factual statements in support of the guilty pleas will be admissible as evidence in all judicial proceedings.

19.     If the Defendant abides by the terms of this Agreement, the Fraud and Money Laundering and Asset Recovery Sections of the Criminal Division of the United States Department of Justice agree not to prosecute the Defendant for any additional criminal charges based upon the conduct underlying and related to the Defendant's pleas of guilty in this case.

20.     This Agreement does not bind any federal, state, or local prosecuting authority other than the United States Department of Justice, Criminal Division, Fraud and

Money Laundering and Asset Recovery Sections. Nothing in this Agreement shall be construed to release the Defendant from possible related or consequential civil liability to any individual, legal entity, or the United States, nor does this Agreement provide any limitation or release from liability arising out of any acts of violence.

21.     The Defendant understands and acknowledges that as a result of this plea, pursuant to 42 U.S.C. § 1320b-6(a)(2), the Defendant will be excluded from participating in all Social Security programs as a representative or health care provider. The Defendant waives the right to notice, hearing and judicial review, and agrees not to seek termination of this exclusion. Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the Social Security Administration, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the Defendant's right to apply for and receive benefits as a beneficiary under any Social Security Program.

22.     This document, Attachment A enclosed with this document, and the sealed supplement contain the complete and only Plea Agreement between the United States and the Defendant. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. References in this document to "Agreement" or "Plea Agreement" refer to both this document, Attachment A, and the sealed supplement. The United States has not made any other promises or representations to, or understandings or agreements with, the Defendant.

11

23.     The Defendant has thoroughly reviewed all legal and factual aspects of this case with Defendant's attorney and is fully satisfied with the legal representation provided by Defendant's attorney. The Defendant has received satisfactory explanations from Defendant's attorney concerning each paragraph of this Plea Agreement, each of the Defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the Defendant concedes guilt and has concluded that it is in the Defendant's best interest to enter this Agreement rather than proceeding to trial. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the

//

//

//

//

//

//

//

//

//

//

//

//

Defendant, and that the Defendant's entry into this Agreement is voluntary and is not the result of force, threats, or promises other than those set forth in this Agreement.

KENNETH A. BLANCO
ACTING ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION
ATTORNEY FOR THE GOVERNMENT

Date: 3/24/17          By: _____
                           Dustin M. Davis
                           Trial Attorney

Date: 3/24/17          By: _____
                           Elizabeth G. Wright
                           Trial Attorney

Date: MAR 24 2017      _____
                       ERIC CHRISTOPHER CONN
                       DEFENDANT

Date: 3.24.17          _____
                       T. SCOTT WHITE
                       ATTORNEY FOR DEFENDANT

13