UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 5:17-CR-43-DCR-REW |
| ERIC CHRISTOPHER CONN, | ) ) ) |
| Defendant. | ) ) |

**MOTION OF DEFENDANT
PURSUANT TO 18 U.S.C. § 3553(a)(4)**
\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Pursuant to an Order of this Court, the Defendant, Eric Christopher Conn ("Conn"), moves for consideration of his cooperation with the United States as a factor in imposing a sentence. *DE 22*.

The statute setting out factors to be used in imposing a sentence, 18 U.S.C. § 3553, in sub-paragraph (a)(4) obliges the use of the Federal Sentencing Guidelines. Here, the Pre-Sentence Report provided to the Court, with which all of the parties have agreed, calculates the guidelines range well in excess of the statutory maximums of the two counts to which Conn pleaded guilty (18 U.S.C. § 641 [10 years] and 18 U.S.C. § 201(c)(1)(A) [2 years]). Thus, Conn faces a sentence of twelve years.

The Plea Agreement also contemplated the substantial assistance that Conn provided to the United States which was certainly a significant factor in obtaining the agreement of Co-Defendant David Daugherty (5:16-CR-22-DCR-2) and, to a lesser extent, a jury verdict of guilty against Co-Defendant Alfred Adkins (5:16-CR-22-DCR-3). Assuming Conn did in fact provide substantial cooperation, did not commit any other crimes between entry of the plea on March 24, 2017, and his sentencing on July 14, 2017, and did not violate any Orders of the Court, then this provision of assistance could be the basis of a motion by the United States pursuant to U.S.S.G. § 5k1.1.

Of course, as we know, Conn has apparently fled the control of this Court and is allegedly a fugitive of justice. As a result, the United States in its Response to our Motion for Additional Time to File an 18 U.S.C. § 3553(a)(4) Motion and to our original Motion to Continue and its Supplement advised it was not going to exercise its discretion in filing a motion for departure from the Guideline Calculation under 5K1.1. *DE 21 at 9-10.*

As this is the typical manner in which "cooperation" or "substantial assistance" is brought before the Court, Conn requested the opportunity to raise it himself if the United States refused to do it. That is the basis for this Motion.

It is hard to conjure a higher profile criminal prosecution in this District. The conduct of Conn and the other Defendants (not just Daugherty and Adkins, but Federal SSA Judge Andrus) which formed the basis of the indictments on April 1, 2016, followed lengthy reporting by the Wall Street Journal in May, 2011 (*DE 9-1, at 14*) and other national and Kentucky publications including the Herald-Leader and Courier Journal, the CBS news show 60 Minutes in October, 2013 (http://www.cbsnews.com/news/disability-program-probe-focuses-on-attorney-judge-in-wva/) as well as being the subject of a significant investigation conducted by the U.S. Senate Homeland Security and Government Affairs Committee which produced a report used in the criminal prosecution (https://www.hsgac.senate.gov/subcommittees/investigations/media/hsgac-senators-release-social-security-disability-fraud-report).

Conn recognizes that this conduct was not simply criminal and cost the taxpayers millions of dollars in improperly paid attorney's fees and unwarranted disability benefits to some, certainly not all, SSDI claimants, but that it impugned the integrity of the entire SSD benefits adjudicatory process. And, because of the extraordinary public interest – demonstrated also by the attention his alleged flight has received from the press – Conn recognizes that any variance from the twelve year maximum sentence will be highly scrutinized.

Even so, Conn stepped up. He did not just admit to his illegal conduct thus ending the work and time a trial forecast for several weeks would have brought for all involved, but provided the very type of assistance the United States needed to procure guilty pleas against his co-defendants and fellow conspirators. The Factual Statements attached as exhibits to both Conn's Plea Agreement and the Plea Agreement of Judge Daugherty plainly show the use the United States put to Conn's cooperation. *DE 9-1 and 5:17-cr-00066-DCR, DE 8-1.* Indeed, Judge Daugherty in a significant admission acknowledged that this entire scheme was his idea.

This idea ultimately drew in not just Conn but another federal administrative law judge, Charlie Paul Andrus (5:16-CR-56-DCR).

It is also plain that Conn's cooperation provided substantial evidence, insight and understanding that the United States was able to deploy in its successful prosecution of Dr. Adkins. *5:17-CR-22-DCR-3*, *DE 235*.

This cooperation occurred during a two day proffer in Washington, D.C. at the offices of the Department of Justice on January 17-18, 2017 and four days in Lexington, Kentucky, at the offices of the United States Attorney on May 22 and 23 and June 1 and 2, 2017. These were lengthy, intense and highly productive. But for this cooperation, it is certainly speculative whether the United States could obtain a plea from Judge Daugherty.

The only breach of the Plea Agreement as regards the issue of co-operation is Conn's failure to appear as subpoenaed to testify at the trial of Dr. Adkins on June 5, 2017. With due respect to the United States and this Court, it is our position that, only as to the issue of cooperation, this violation was *de minimus* given that the United States was able to obtain the conviction of Dr. Adkins on all counts in a one-week trial which most certainly included evidence either directly obtained from Conn or colored by Conn's proffers and assistance.

Though the alleged violation of the Plea Agreement, if proved, may not entitle Conn to a 5K1.1 Motion under a strict application of the terms of the Agreement and the sealed supplement (committing new crimes and violating an order of this Court between plea and sentencing), we, again with respect to the Court, suggest that the equities suggest that this cooperation and assistance be given some weight. We suggest, again respectfully, that the Court do so by ordering that the sentences on Counts 1 and 2 run concurrently.

We concede that the state of the law is that Conn cannot compel the United States to bring a substantial assistance motion nor are there any unconstitutional reasons present that suggest this Court can override the decision not to file. *U.S. v. Morrow*, 497 Fed.Appx. 583, 587 (6th Circ. 2012). Even so, as a general consideration in determining if assistance was provided and whether that should be rewarded in sentencing, it appears to be appropriate that the Defendant, here Conn, may suggest the value of his assistance and contest the United States' description of that assistance as it's the discretion ultimately of the district court to assess the value to attribute to the assistance. *Maxwell v. US*, 501 Fed. Appx. 394, 396 (6th Circ. 2012) (Not Reported). Here, there is no description of that assistance by the United States.

As noted, the best description is the Factual Basis attached to the Plea Agreement. DE 9-1. And, to a lesser extent that of Judge Daugherty.

        This the 4th day of July, 2017
        *Scott White*_____
        Scott White
        Sarah K. Hays
        Fogle Keller, PSC
        300 E. Main Street, Suite 400
        Lexington, KY 40507
        859.253-4700
        scottwhite@fkplaw.com

        COUNSEL FOR DEFENDANT CONN

Certificate of Service

I certify that a copy of this Motion was served to all parties via the ECF system on July 13, 2017.

    *Scott White*_____