UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Criminal Action No. 5: 17-043-DCR |
| V. | ) | |
| ERIC CHRISTOPHER CONN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of the United States' motion to dismiss Petitioner Patsy Conn's amended claim for seized funds. [Record No. 62] The Court has also received a letter from the petitioner, construed as a motion, requesting additional time to respond to the government's motion to dismiss.[1] The government asserts that dismissal is appropriate because the petitioner has failed to sign her claim under penalty of perjury and has otherwise failed to follow the Court's previous instructions to describe her legal interest in the funds actually seized. For reasons explained below, the Court will deny Petitioner's request for an extension of time and grant the government's motion to dismiss the petitioner's amended claim for seized funds.

**I.**

On April 6, 2017, with express the express agreement of Defendant Eric Christopher Conn, this Court entered a preliminary order of forfeiture imposing judgment of

---

[1] The United States treats the response to the Court's Order filed by Patsy Conn as an amended claim filed pursuant to 21 U.S.C. § 853(n)(2).

$5,750,404.46, an amount representing the proceeds the defendant personally obtained from the theft of government funds offense to which he pled guilty. [*See* Record Nos. 9, 11.] Moreover, in light of the defendant's acknowledgment in his Plea Agreement that his acts and omissions rendered the $5,750,404.46 unavailable for forfeiture as contemplated by 21 U.S.C. § 853(p)(1), the Court ordered the defendant to forfeit substitute assets to satisfy the judgment pursuant to 21 U.S.C. § 853(p)(2). [Record No. 11] Those assets included $150,000.00 to be realized from the sale of the defendant's real property at 241 Northmonte Drive, Pikeville, Kentucky (the "Pikeville Property"), which the government has received, and all proceeds from the sale of the real property at 9420 US Highway 23 South, Stanville, Kentucky (the "Stanville Property").

On June 22, 2017, this Court granted the government's motion to amend the preliminary order of forfeiture to include all of the defendant's right, title, and interest in four bank accounts, namely: (i) USAA Federal Saving Bank checking account number 210198605, under the name of Eric Conn; (ii) Community Trust Bank checking account number 4000425714, under the name of Eric C. Conn and Patsy Conn; (ii) BankFive checking account number 901935924, under the name of Eric Conn; and (iv) Woodforest National Bank business checking account number 1361001967, under the names of Curtis Lee Wyatt – Disability Services. [Record Nos. 14, 16] The previously-ordered forfeitures were also included in the Judgment of July 17, 2017. [Record No. 29, p. 8]

On December 5, 2017, this Court granted the government's second motion to amend the preliminary order of forfeiture to include all of the defendant's right, title, and interest in three assets, namely: (1) $20,142.25 in SunTrust Bank business checking account number 1000222726498, under the name of Disability Services; (2) $135,479.93 from Ally Bank

personal checking account number 1047684954, under the name of Patsy Conn; and (3) a Black 2016 Toyota Highlander LE V6 with Vehicle Identification Number ("VIN") 5TDBKRFH6GS230864. [*See* Record Nos. 30, 31.]

Defendant Conn's mother, Patsy Conn, initially submitted a Notice of Objection to Seizing Funds of Patsy Conn in Ally Bank on December 21, 2017. [Record No. 44] Through the notice, the petitioner asserted that she has an interest in either all or a portion of funds seized by the United States in this action on or about December 5, 2017. More specifically, Mrs. Conn asserted that the total amount seized by the government included: (1) an unspecified amount of income and social security payments received by her husband; (2) $75,000.00 in life insurance paid to her in 2011 following the death of her husband; (3) a $26,000.00 inheritance from her mother, deposited in 2006; (4) a $4,000.00 inheritance from her grandmother, deposited in 2009 and 2010; (4) income she received for tax and bookkeeping services provided to Defendant Conn at the rate of $3,000.00 for a period of six years; (5) $5,000.00, representing the sale of a golf cart and boat in 2016; (6) $3,400.00 received in 2016, representing her husband's inheritance following his death; (7) an unspecified amount received from various yard sales; and (8) an unspecified amount received from sales on E-Bay. [*Id.*]

Treating the petitioner's Notice in light of her *pro se* status as a claim filed pursuant to 21 U.S.C. § 853(n)(2), the United States filed a motion to dismiss her claim. [Record No. 55] Alternatively, the government asked for leave to conduct discovery on petitioner's claim. *Id*. In support, it noted that the petitioner's Notice was not signed under penalty of perjury and it failed to describe her legal interest in the funds which were actually seized. Thus, the government contended that the claim should have been dismissed pursuant to Rule 32.2(c)(1)(A) of the Federal Rules of Civil Procedure and 21 U.S.C § 853(n). In light of the

petitioner's *pro se* status, the Court ordered her to file an amended claim for seized funds which complied with the relevant legal requirements. [Record No. 56] Additionally, the Court notified the petitioner that she must provide sufficient detail to allow the Court to determine whether her asserted interest is superior to Defendant Conn's interest in the subject property. *Id*. The Court further instructed the petitioner that this "includes, but is not limited to, information regarding when specific funds representing identified categories of claims were deposited into the subject account. Bare assertions of legal title will be insufficient." *Id*. at ¶ 2. The Court denied the government's motion to dismiss, without prejudice to being renewed if the petitioner failed to comply with the Court's Order. *Id*. at ¶ 3. However, the Court granted the United States motion to conduct discovery regarding the claims purportedly asserted by the petitioner. *Id*. at ¶ 3-4.

The petitioner filed a response to the Court's March 16, 2018 Order on April 6, 2018. [Record No. 59] In her response, she contends that Defendant Conn had no interest in the 4954 Account because he could not sign checks or otherwise access the account. Additionally, Mrs. Conn claims eleven sources of funds for the monies in the 4954 Account. Specifically, she alleges the monies came from: (i) salary paid to her from Defendant Conn; (ii) the 2007 sale of a portion of Webb Farm; (iii) the 2008 sale of the remaining portion of Webb farm; (iv) March 23, 2011 payment from Kansas City Life Insurance Policy; (v) the 2008 payment for overflow parking rental; (vi) the 2007 inheritance from Beatrice Webb estate; (vii) the 2008 "Balance of Sale" check; (viii) money belonging to Defendant Conn; (ix) the 2011 closing of deceased husband bank account; (x) receipt of cash from various sales; and (xi) the petitioner's Social Security checks. [*Id*.]

Again, the United States, treating the petitioner's response in light of her *pro se* status as an amended claim filed pursuant to 21 U.S.C. § 853(n)(2), filed a renewed motion to dismiss her amended claim or, alternatively, to amend the discovery order. [Record No. 62] In support, it notes that the construed amended claim is once again not signed under penalty of perjury and argues that the petitioner fails to adequately describe her legal interest in the funds actually seized as required by the relevant statute. *Id*. The Court directed the petitioner to file a response to the United States motion within 21 days. [Record No. 63] Further, the petitioner was instructed that "[f]ailure to meet this time deadline shall result in the matter being submitted to the Court for resolution without the benefit of a response from the petitioner."

Rather than file a timely response to the government's motion, Mrs. Conn sent a letter, addressed to the undersigned, in which she requests additional amount of time to file a response. [Record No. 67] Mrs. Conn contends that, due to her age and health, she is unable to dedicate large amounts of time to such work. Notably, the letter is signed under penalty of perjury. *Id*.

The Court is not willing to grant the petitioner additional time to respond to the government's motion to dismiss. The Court has already provided Mrs. Conn with an opportunity to correct her petition and instructed her regarding what was required. But rather than following the Court's instructions, the petitioner filed an amended claim which still fails to meet the statutory requirements. Importantly, Mrs. Conn's age and heath did not prevent her from filing her amended claim in a timely manner. It does not appear that giving the petitioner additional time will change the fact that she continues to ignore the pleading requirements expressed in § 853(n) and the Court's previous Order.

## II.

This matter is an ancillary proceeding pursuant to Federal Rule of Criminal Procedure 32.2(c) which is the sole avenue for a third party to assert an interest in forfeitable property. *See U.S. v. Fabian*, 764 F.3d 636 (6th Cir. 2014). In general, when a properly-filed third party petition is filed, the district court will hold a hearing to determine whether the petitioner is entitled to relief. *See* 21 U.S.C. § 853(n)(2). However, a court may forgo the hearing and dismiss the petition: (1) if the petitioner lacks standing, (2) if the petitioner has failed to state a claim upon which relief can be granted, or (3) for any other lawful reason. *See* Fed. R. Crim. P. 32.2(c)(1)(A). A claim that fails to provide sufficient details regarding the nature of the claimant's interest may be dismissed for failure to comply with the statutory filing requirement. *See United States v. BCCI Holdings (Luxembourg) S.A.*, 69 F. Supp. 2d 36, 55 (D.D.C. 1999) (discussing dismissal of claims that did not satisfy filing requirements under the parallel forfeiture provision in the RICO statute, 18 U.S.C. § 1963(l)(6)). Section 853(n)(3) requires that a claimant sign the petition under penalty of perjury and "set forth the nature and extent of the petitioner's right, title, or interest in the property, [as well as] the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property." 21 U.S.C. § 853(n)(3).

Here, the petitioner's amended claim is once again not signed under penalty of perjury. Federal courts require strict compliance with the pleading requirements of § 853(n)(3), to discourage false or frivolous claims in forfeiture proceedings. *See U.S. v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010) (dismissing *pro se* petition not signed under penalty of perjury); *U.S. v. Speed Joyeros, S.A.*, 410 F. Supp. 2d 121, 124 (E.D. N.Y. 2006) (dismissing petition

not signed under penalty of perjury and for failing to adequately state a claim); *U.S. v. Burge*, 829 F. Supp. 2d 664, 667 (C.D. Ill. 2011) (dismissing petition not signed under penalty of perjury); *U.S. v. Owens*, No. 09-89, 2010 WL 583910, at *2 (S.D. Ind. Feb. 12, 2010) (dismissing claim not filed under penalty of perjury and finding that requiring strict compliance serves the government's legitimate interest in protecting forfeited assets); *U.S. v. Patillo*, No. 08-CR-22, 2009 WL 5217005, at *1-2 (E.D. Tenn. Dec. 30, 2009) (dismissing claim that was not signed under penalty of perjury and failed to state a claim). The Court would permit the petitioner to now satisfy this procedural requirement were it not for the fact that she has already been given one opportunity to correct the error. Further, her petition fails by not adequately describing her interest in the seized funds.

The Court instructed the petitioner that she must "set forth the nature and extent of [her] right, title, or interest in the property, the time and circumstances of [her] acquisition of the right, title or interest in the property, any additional facts surrendering [her] claim, and the relief sought." [Record No. 56, ¶ 1 (quoting 21 U.S.C. § 853(n)(3))] Additionally, the Court advised Mrs. Conn that she must:

> [P]rovide sufficient detail to allow the Court to determine whether her asserted interest is superior to the defendant's (*i.e.*, Eric Conn's) interest in the subject property. This includes, but is not limited to, information regarding when specific funds representing identified categories of claims were deposited into the subject account. Bare assertions of legal title will be insufficient.

*Id*. at ¶ 2.

Even with this clear direction, Mrs. Conn has failed to identify when the money in which she claims an interest was deposited into the 4954 Account. Further, she does not assert that the money was still in the account when the subject funds were seized. Of the eleven sources she claims for the monies involved, only two (the Kansas City Life Insurance Policy

deposit and a June 2011 deposit of Defendant Conn's money) were identified as being deposited in the 4954 Account. At no time does Mrs. Conn allege that the funds from the Kansas City Life Insurance Policy deposit remained in the 4954 Account when the funds were seized. The nine other sources of funds are never alleged to have been deposited into the 4954 account.

In short, the petitioner fails to set forth any of the information required for the Court to consider in this ancillary and her amended claim does not meet the requirements of § 853(n)(3). Thus, her claim will be dismissed.

### III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Clerk of Court is directed to file to correspondence from Petitioner Patsy Conn dated May 9, 2018, in the record of this proceeding.

2. The petitioner's letter of May 9, 2018, construed as a motion for an extension of time, is **DENIED**.

3. The United States' Renewed Motion to Dismiss Petitioner's Claim [Record No. 62] is **GRANTED**.

This 25th day of May, 2018.

